**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-237-DLB**

**NIKITA ZHALNIN** **PETITIONER**

**v.** **MEMORANDUM ORDER**

**DEPARTMENT OF HOMELAND SECURITY, et al.,** **RESPONDENTS**

* * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Nikita Zhalnin's Motion to Enforce Judgment (Doc. # 10). For the following reasons, the Court will **deny** the Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Russia who entered the United States on October 15, 2024 at the DeConcini port of entry in Nogales, Arizona. (Doc. # 4-1 at 2). That same day, Petitioner was issued a Notice to Appear ("NTA") (Doc. # 1-2 at 14) and was released on parole. On June 12, 2025, Petitioner was served with an I-200 Warrant for Arrest of Alien (Doc. # 4-3) and was taken into custody. On June 10, 2026, nearly a year after being taken into custody, DHS terminated Petitioner's parole. (Doc. # 4-5).

On May 27, 2026, Zhalnin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1). On July 27, 2026, this Court issued a Memorandum Opinion and Order directing Respondents to immediately release Petitioner, or in the alternative, provide him with a constitutionally adequate bond hearing. (Doc. # 6 at 7-8). On April 21, 2026, the Immigration Court held a bond hearing for Petitioner. (Doc. # 9 at 1). On

July 30, 2026, the court issued its decision, denying bond on the grounds that Petitioner is a flight risk. (Doc. # 8-1 at 3). On August 3, 2026, finding that Respondents complied with the Court's Order, this Court dismissed and struck this case from the Court's active docket. (Doc. # 9).

On August 10, 2026, Petitioner filed the instant Motion to Enforce Judgment requesting this Court order his immediate release, or in the alternative, for this Court to hold its own bond hearing. (Doc. # 10 at 2).

## III. ANALYSIS

In his Motion to Enforce, Petitioner argues that he was denied a constitutionally adequate bond hearing because the IJ failed to place the burden of proof on the government. (Doc. # 10 at 5). In support, Petitioner claims that: (1) the burden of proof was announced but never applied; (2) the government offered no evidence; (3) the duration of Petitioner's detention was never considered; (4) every adverse finding was generated by the IJ's own examination; (5) the denial rested on categorical reasoning; and (6) the credibility finding was imported from the asylum merits. (*Id*. at 5-7).

### A. This Court lacks jurisdiction to review discretionary decisions

As to arguments three through six, Petitioner challenges the substance and reasoning of the IJ's decision to deny bond. Specifically, by arguing that the duration of his detention was not considered, the findings were generated by the IJ's own examination, the denial rested on categorical reasoning, and the credibility finding was imported from the asylum merits, Petitioner is asking this Court to review discretionary decisions made by the IJ in the course of its bond consideration. The IJ's decision to deny bond is a discretionary decision, something this Court lacks jurisdiction to review. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (noting that § 1226(e) bars review of

discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, No. 25-cv-5687-H, 2026 WL 161192, at *4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, No. 25-cv-18829, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, No. 1:25-cv-1704, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

**B. The IJ properly applied the burden of proof**

Petitioner additionally argues that the IJ failed to conduct a constitutionally adequate bond hearing because the "burden of proof was announced but never applied" and the "government offered no evidence at all." (Doc. # 10 at 5). The Court disagrees.

First, in the order of the IJ, the IJ explicitly acknowledged that this Court ordered DHS to provide Respondent with a constitutionally adequate bond hearing in which the government bore the burden of proof. (Doc. # 8-1 at 1-2). The IJ next states that "in accordance with the U.S. District Court's Order, a bond hearing was held[.]" (*Id.*). Given that the IJ acknowledged that the Court ordered a constitutionally adequate hearing where the government bore the burden, and then immediately after noted that a hearing was conducted in accordance with the Court's Order, the Court concludes that the IJ did properly place the burden on the government. Moreover, in the transcript of the proceedings submitted by Petitioner, the IJ explicitly stated that this Court's Order stated

"that the burden is on the Department of Homeland Security" and thus directed DHS to proceed with its evidence. (*See* Doc. # 10-6 at 6-7). Accordingly, the Court finds that the burden of proof was both announced and applied during Petitioner's bond hearing.

Petitioner additionally claims that the government "offered no evidence at all." (Doc. # 10 at 5). However, the government called Petitioner himself as a witness for direct examination as well as entered a significant closing statement on why it believed Petitioner to be a flight risk. (Doc. # 10-6 at 7). Petitioner's testimony was then referenced repeatedly in the IJ's order denying bond. (Doc. # 8-1). That the IJ concluded that the government had met its burden of proof through direct examination testimony and closing arguments is a discretionary decision. And as this Court concluded *supra*, it lacks jurisdiction to review a discretionary decision by an IJ. Therefore, neither of these points establish that the IJ did not adequately consider whether the government properly met its burden of proof.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS SO ORDERED** as follows:

(1) Petitioner's Motion to Enforce Judgment (Doc. # 10) is **DENIED**; and

(2) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 14th day of August, 2026.

**Signed By:**
***David L. Bunning***
**Chief United States District Judge**